## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RAYVAN NICOLE LAVETTE,      )
                                    )
      Plaintiff,                 )
                                    )      CIVIL ACTION FILE NO.:
v.                              )
                                    )      _____
UNITED STATES OF AMERICA     )
(United States Postal Service),    )
                                    )
      Defendant.              )

## COMPLAINT FOR DAMAGES

COMES NOW, RAYVAN NICOLE LAVETTE, PLAINTIFF, and hereby files this Complaint for Personal Injuries Arising from Motor Vehicle Collision against UNITED STATES OF AMERICA (as the United States Postal Service "USPS"), DEFENDANT, and shows the Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on July 26, 2017, in Henry County, Georgia, involving Plaintiff, Rayvan Nicole Lavette and a postal truck operated by the USPS regarding the negligent operation of one of its postal trucks by its employee and driver, Eric Mims.

1

## PARTIES, JURISDICTION, AND VENUE

2.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 and 28 U.S.C. § 1346(b)(1), et seq. (FTCA), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Georgia.

3.

The USPS is an independent establishment of the executive branch of Defendant United States of America. 39 U.S.C. § 201. The USPS is within the FTCA.

4.

In accordance with Fed.R.Civ.P. 4(i), Defendant United States of America (Defendant or USPS) may be properly served with process by serving a copy of the Summons and of the Complaint on Kurt R. Erskine, the Acting U.S. Attorney for the Northern District of Georgia by certified mail, return receipt requested at the Office of the United States Attorney, 1800 Richard B. Russell Federal Building, 75

Spring Street, S.W., Atlanta, Georgia 30303 to the attention of the Civil Process Clerk.

5.

In accordance with Fed.R.Civ.P. 4(i), Defendant may also be served by serving a copy of the Summons and Complaint on Merrick Garland, the Attorney General of The United States of America by certified mail, return receipt requested, at the Attorney General's Office, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, to the attention of the Civil Process Clerk.

6.

By virtue of the facts set forth in this Complaint, this Court has jurisdiction pursuant to 28 U.S.C. § 1346.

7.

Venue for this action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1402.

8.

Plaintiff's Administrative Claims were properly and timely presented to the USPS. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

9.

This suit has been timely filed because Plaintiff timely served notice of her claims on the United States Postal Service ("USPS") on July 24, 2018. (See Ex. A)

10.

The USPS assumed responsibility for processing Plaintiffs' claims and acknowledged receipt of Plaintiffs' notice of claims on September 17, 2018. (See Ex. B).

11.

On October 30, 2020, the undersigned sent by US Certified Mail Return Receipt Requested a revised Administrative Claim on behalf of Plaintiff to the USPS in accordance with the FTCA for $3,004,228.00. (Ex. C)

12.

On January 14, 2021, the LAW DEPARTMENT NATIONAL TORT CENTER for the USPS sent correspondence to the undersigned confirming that the USPS had received this administrative claim on November 6, 2020, and that the USPS had six months from November 6, 2020, in which to adjudicate this claim, citing 39 CFR 912.6(c).

13.

More than six months have passed since the filing of the Plaintiff's

Administrative Claim with the USA/USPS.

14.

This action is timely filed.

15.

All conditions precedent to the filing of this action have been met.

## **FACTS**

16.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

17.

On July 26, 2017, Plaintiff was driving east on Highway 20 in Henry County, Georgia.

18.

At the same time, Mr. Mims was driving his postal truck, and he was traveling north on Brown Avenue, approaching a stop sign at Highway 20.

19.

After Mr. Mims stopped at his stop sign, he failed to yield the right of way and crossed into Plaintiff's lane of travel.

20.

When Mr. Mims crossed into Plaintiff's lane of travel, he crashed into Plaintiff's vehicle causing a violent collision.

21.

Mr. Mims was found at fault for the collision. Mr. Mims was cited for the collision.

22.

No act or failure to act on the part of Plaintiff caused or contributed to the cause of the collision described in this Complaint.

23.

No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

24.

No act or failure to act on the part of Plaintiff caused or contributed to the cause of her claimed injuries.

25.

Plaintiff was an innocent victim of the collision described in this Complaint.

26.

The collision described in this Complaint caused Plaintiff to suffer injuries,

losses, and damages.

27.

Mr. Mims was an employee of USA/USPS at the time of the collision described in this Complaint.

28.

Mr. Mims was acting in the course and scope of his employment with Defendant USA/USPS at the time of the collision described in this Complaint.

29.

Mr. Mims was an agent of Defendant USA/USPS at the time of the collision described in this Complaint.

30.

Mr. Mims was acting in the course and scope of his agency with Defendant USA/USPS at the time of the collision described in this Complaint.

## COUNT I – NEGLIGENCE

31.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

32.

At all times material hereto, Mr. Mims and USA/USPS owed Plaintiff a duty

to operate his vehicle in an ordinary careful and non-negligent manner and to follow common sense, as well as the laws of the State of Georgia and the rules of the road.

33.

While in the course and scope of his employment with the USA/USPS, Mr. Mims breached those duties and was negligent in at least the following ways:

a. failing to yield while entering or crossing a roadway;

b. driving recklessly;

c. failing to keep a proper and diligent lookout;

d. failing to keep proper control of his vehicle;

e. failing to make reasonable and proper observations while driving;

f. failing to drive at a reasonable and prudent speed under the conditions;

g. failing to take reasonable steps to avoid striking Plaintiff with his vehicle;

h. failing to perform a reasonable and proper pre-trip inspection of his postal truck;

i. operating a vehicle that was improperly maintained; and,

j. otherwise failing to act reasonably and prudently as a driver should under the circumstances.

34.

As a direct and proximate result of the negligence of Mr. Mims, Plaintiff sustained injuries, losses, and damages.

35.

By virtue of the negligence of Mr. Mims and Defendant USA/USPS, Defendant USA/USPS is liable to Plaintiff for all of the damages resulting from that negligence under a theory of *respondeat superior*, agency and control.

36.

As a direct and proximate result of the breaches of duty by Defendant USA/USPS and its driver, Mr. Mims, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT II: NEGLIGENT HIRING, ENTRUSTMENT, RETENTION, AND SUPERVISION

### 37.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

### 38.

Defendant USA/USPS was the owner of the truck described in this Complaint.

### 39.

Defendant USA/USPS, as Mr. Mims's employer, had a duty to hire and retain only competent drivers. Defendant USA/USPS, as Mr. Mims's employer, also had a duty to supervise Mr. Mims in a reasonably prudent fashion, as well as a duty not to entrust a motor vehicle to a person who is incompetent to drive by reason of physical or mental condition, or by a known habit of recklessness.

### 40.

On July 26, 2017, Mr. Mims reported for work and picked up the postal truck that he was driving at the time of the collision.

### 41.

At that time, Defendant USA/USPS negligently entrusted the postal truck to

Mr. Mims.

42.

Defendant USA/USPS knew or should have known that Mr. Mims was not qualified, not properly trained, and/or otherwise not safe to drive. Defendant USA/USPS should not have hired and/or retained Mr. Mims.

43.

Defendant USA/USPS was otherwise negligent in supervising Mr. Mims and entrusting Mr. Mims with a USPS postal delivery truck.

44.

As a direct result of Defendant USA/USPS's negligent hiring, entrustment, retention and/or negligent supervision of Mr. Mims, Plaintiff suffered damages, including, but not limited to hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering personal injury and pain and suffering, both physical and emotional.

45.

By virtue of Defendant USA/USPS's negligent entrustment, hiring, retention and/or negligent supervision of Mr. Mims, Defendant USA/USPS is liable to Plaintiff for all of the damages resulting from that negligence, including but not limited to hospital bills, medical bills, lost wages, loss of earning capacity, mental

anguish, and conscious pain and suffering.

46.

As a direct and proximate result of the breaches of duty by Defendant USA/USPS and its driver, Mr. Mims, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT III – NEGLIGENCE *PER SE*

47.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

48.

At all times material hereto, Mr. Mims and USA/USPS owed Plaintiff a duty to operate his vehicle in an ordinary careful and non-negligent manner and to

follow common sense, as well as the laws of the State of Georgia and the rules of the road.

49.

While in the course and scope of his employment with the USA/USPS, Mr. Mims breached those duties and was negligent *per se* in at least the following ways:

a. failing to yield while entering or crossing a roadway in violation of O.C.G.A. § 40-6-73;

b. failing to use due care while driving, in violation of O.C.G.A. § 40-6-241;

c. operating his vehicle with reckless disregard for the safety of other persons on the roadway in violation of O.C.G.A. § 40-6-390;

d. failing to control his vehicle as to avoid a collision, in violation of the requirements of ordinary care and diligence; and,

e. such other specifications of negligence and negligence *per se* as shall be added by amendment or proven at trial.

50.

As a direct and proximate result of the negligence of Mr. Mims, while acting in the course and scope of his employment with USA/USPS, Plaintiff sustained injuries, losses, and damages.

51.

By virtue of the negligence of Mr. Mims and Defendant USA/USPS, Defendant USA/USPS is liable to Plaintiff for all of the damages resulting from that negligence under a theory of *respondeat superior*, agency and control.

52.

As a direct and proximate result of the breaches of duty by Defendant USA/USPS and its driver, Mr. Mims, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

**WHEREFORE**, Plaintiff pray that the following relief be granted:

a) A trial by jury;

b) For Summons and Complaint to be issued against Defendant;

c) For judgment against each defendant to compensate Plaintiff for

14

past and future injuries, losses, and damages;

d) For judgment against Defendant for attorneys' fees and expenses of

litigation;

e) Court costs, discretionary costs, and prejudgment interest; and,

f) For all such further and general relief which this Court deems just

and proper.

Respectfully submitted,

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (Facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com